UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SILVER PHOENIX, LLC,

       Plaintiff,

vs.

TRINITY HEALTH-MICHIGAN D/B/A
ST. JOSEPH MERCY OAKLAND,

       Defendant.
_____/

Case No. 19-13777

HON. MARK A. GOLDSMITH

**OPINION & ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION (Dkt. 9)**

This matter is before the Court on the Court's own review of the complaint, see 2/11/2020 Order (Dkt. 7), and on a motion to dismiss for lack of subject matter jurisdiction by Defendant Trinity Health-Michigan ("Trinity Health") (Dkt. 9).

The complaint alleges that this Court has jurisdiction over this breach of contract and declaratory judgment action "because this action arises out of a dispute concerning a question of Federal law." Compl. ¶ 3 (citing 28 U.S.C. § 1331). Specifically, Silver Phoenix alleges that Trinity Health is refusing to make payments under a lease agreement because, according to Trinity Health, making such payments would violate the federal Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b. Compl. ¶ 3. As explained below, the Court lacks jurisdiction and must dismiss this action.

## I.     FACTUAL BACKGROUND

According to Silver Phoenix's memorandum in response to the 2/11/2020 Order (Dkt. 8), Silver Phoenix owns a building in Waterford, Michigan, where Trinity Health is a tenant. Dr. Steven Rapp, who at one time possessed admitting privileges to Trinity Health's hospital, owns Silver Phoenix, subjecting the landlord-tenant relationship to federal regulation under the AKS. Id. at 3. Trinity Health has refused to pay common area maintenance fees required by the parties' lease, allegedly out of concern that such payments would be barred by the AKS. Id. According to Silver Phoenix, the payments are permissible under "safe harbor" regulations. Id. (citing 42 CFR § 1001.952(b)).

## II.     LEGAL STANDARD

"[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action . . ." Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Where state law provides the cause of action, the federal courts will only have "arising-under" jurisdiction if the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

### III.    ANALYSIS

Silver Phoenix raises three counts—one for breach of contract, and two for declaratory judgment.  None provides a basis for federal jurisdiction.

**A. Breach of Contract**

Silver Phoenix's claim of federal jurisdiction on its breach of contract claim fails because it does not necessarily raise a federal issue.  For a case to arise under federal law, a "right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'"  Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 10-11(1983) (quoting Gully v. First National Bank, 299 U.S. 109, 112 (1936)).  Silver Phoenix argues that its contract with Trinity Health is legal under the AKS and the safe harbor regulations.  However, as discussed below, a contract's legality is not an essential element of a Michigan breach of contract claim.   Michigan recognizes the defense that a contract's terms are illegal, but anticipated defenses do not provide the basis of "arising under" jurisdiction.

Under Michigan law, "[a] party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach."  Miller-Davis Co. v. Ahrens Constr., Inc., 848 N.W.2d 95, 104 (2014).  These elements, on their face, do not require the party asserting a breach of contract to plead that the obligations established by the contract are lawful.  Michigan contract law recognizes the affirmative defense of illegality.  See, e.g., Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH, 867 F.3d 692, 697-698 (6th Cir. 2017).  However, the Court is unaware of any authority requiring the party asserting a breach of contract to plead that the contract is not void or unenforceable as contrary to law.  Unless

Trinity Health raises the affirmative defense that payments would violate the AKS, a court adjudicating the breach of contract action would have no need to address the federal issue.

Silver Phoenix's reliance on Grable is misplaced, as that case supports this Court's conclusion that it has no jurisdiction. Grable was a state action to quiet title, removed to the district court for the Western District of Michigan, which found that it had jurisdiction over the claim. The Supreme Court affirmed, holding that, under Michigan pleading law, a claimant seeking to quiet title had to allege the facts in its complaint showing the superiority of its title claim. Grable, 545 U.S. at 314 (citing Mich. Ct. Rule 3.411(B)(2)(c)(2005)). Because Grable's claim to title was premised on the IRS's failure to provide adequate notice, "as defined by federal law," Grable's discussion of the federal issue in its complaint was part of a properly pleaded complaint. Id. at 314-315. In other words, the pleading standard and the facts of the case required Grable to plead the federal issue.

The same cannot be said with regard to the breach of contract claim pleaded in our case. Nothing in the Michigan Court Rules requires a plaintiff to assert the legal validity of the contract whose terms that plaintiff seeks to enforce. In fact, the court rules identify the issue of illegality as an "affirmative defense." Mich. Ct. R. 2.111(F)(3)(a) (listing the argument "that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute" as an example of an affirmative defense). Thus, the very state court rules that rendered Grable suitable for federal jurisdiction bolster Trinity Health's argument that the federal issue presented in this case is nothing more than an anticipated defense.

Silver Phoenix repeatedly emphasizes that in its view, the entire case turns on how a court interprets the AKS issue. That may be, but an anticipated defense does not provide the basis for federal jurisdiction "even if both parties concede that the federal defense is the only question truly

at issue." Caterpillar, 482 U.S. at 393. Thus, no matter how important it is to the parties' ultimate dispute, it does not provide a basis for federal court jurisdiction.

Because Silver Phoenix's breach of contract claim does not necessarily raise a federal issue, there is no basis for federal jurisdiction for that claim.

### B. Declaratory Actions

Silver Phoenix also seeks two declarations: first, that that the payments under the lease agreement do not violate the AKS, and second, that Trinity must continue to make payments owed under the lease agreement.

To exercise jurisdiction over a declaratory claim, the court must have "an independent basis for federal subject matter jurisdiction." Heydon v. MediaOne of Se. Mich., Inc., 327 F.3d 466, 470 (6th Cir. 2003). When considering whether a plaintiff may bring its declaratory action in federal court, the normal position of the parties is reversed, and the question is whether the defendant could have brought a coercive action arising under federal law; if it could have, a federal court has jurisdiction over the declaratory judgment action. See Severe Records, LLC v. Rich, 658 F.3d 571, 580-581 (6th Cir. 2011). Silver Phoenix readily admits that it "has not sued in anticipation of itself being sued and is not seeking to enforce any private cause of action for relief pursuant to the AKS." Resp. at 8. Because Silver Phoenix has not identified any coercive action Trinity Health could have brought against it, the declaratory judgment actions do not provide a basis for federal subject matter jurisdiction.

In the complaint, Silver Phoenix based its entitlement to judgment on the federal Declaratory Judgment Act, 28 U.S.C. § 2201. Compl. ¶¶ 42, 46. In its response to the motion to dismiss, Silver Phoenix argues that the claims for declaratory judgment are state law claims that necessarily raise a federal issue. Resp. at 4. But characterizing a claim as a state law declaratory

5

judgment claim does not create a backdoor entrance to the federal courthouse. Where federal courts would lack jurisdiction for a claim brought under the federal Declaratory Judgment Act, they lack jurisdiction where the claim is instead brought as a state law claim for declaratory judgment. <u>Franchise Tax Bd.</u>, 463 U.S. at 18-19.

### IV.   CONCLUSION

Silver Phoenix has failed to establish a basis for federal subject matter jurisdiction. Therefore, this case is dismissed without prejudice.

SO ORDERED.

Dated: April 24, 2020  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge